## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FRED MCCLURE,

        Plaintiff,

vs.

RUSSELL INVESTMENT MANAGEMENT COMPANY and
RUSSELL FUND SERVICES COMPANY,

        Defendants.

Civil Action No. 1:14-cv-14358

## ANSWER TO PLAINTIFF'S COMPLAINT

O'Connor Carnathan & Mack LLC
   Sean T. Carnathan
One Van de Graaf Drive, Suite 104
Burlington, MA 01803
(781) 359-9000 (Phone)
(781) 359-9001 (Fax)

Milbank, Tweed, Hadley & McCloy LLP
   James N. Benedict (*pro hac vice*)
   Sean M. Murphy (*pro hac vice*)
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000 (Phone)
(212) 530-5219 (Fax)

   Robert J. Liubicic (*pro hac vice*)
601 South Figueroa Street
Los Angeles, CA 90017
(213) 892-4000 (Phone)
(213) 629-5063 (Fax)

*Attorneys for Defendants*

## ANSWER TO COMPLAINT

Defendant Russell Investment Management Company ("RIMCo") and defendant Russell Fund Services Company ("RFSC") (together, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint (the "Complaint") as set forth below.  Except as specifically admitted, Defendants deny the allegations of the Complaint.

1.      Defendants admit that Plaintiff purports to bring this action on behalf of the Named Funds (as defined in the Complaint) pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA"), Defendants serve as advisor and administrator to RIC, RIF and RET, and RIC is a registered open-ended management investment company, but deny that Plaintiff has any claim under Section 36(b) and otherwise deny the allegations in Paragraph 1 of the Complaint and Footnote 1.

2.      Defendants deny the allegations in Paragraph 2 of the Complaint, except admit that RIMCo serves as the investment advisor to the Named Funds and that, in calendar year 2013, RIMCo was paid approximately the amount set forth in Paragraph 2 of the Complaint in advisory fees from the Named Funds and paid the Named Funds' Money Managers approximately the amount set forth in Paragraph 2 of the Complaint for certain services provided pursuant to contracts between RIMCo and the Money Managers.

3.      Defendants deny the allegations in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations in Paragraph 4 of the Complaint, except admit that RFSC is a wholly-owned subsidiary of RIMCo, serves as Administrator for the Named Funds, and was paid approximately the amount set forth in Paragraph 4 of the Complaint in administrative fees in calendar year 2013.

5.      Defendants deny the allegations in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations in Paragraph 7 of the Complaint.

8.      Defendants admit that Plaintiff purports to bring this action on behalf of the Named Funds pursuant to Section 36(b) of the ICA and purports to seek the damages and relief set forth in Paragraph 8 of the Complaint, but deny that Plaintiff has any claim under Section 36(b) of the ICA or is entitled to any damages or relief, and otherwise deny the allegations in Paragraph 8 of the Complaint.

9.      Defendants neither admit nor deny the allegations in Paragraph 9 of the Complaint insofar as said allegations constitute conclusions of law and otherwise deny the allegations in Paragraph 9 of the Complaint.

10.     Defendants neither admit nor deny the allegations in Paragraph 10 of the Complaint insofar as said allegations constitute conclusions of law and otherwise deny the allegations in Paragraph 10 of the Complaint, except admit that RIC is a Massachusetts business trust and a registered open-end management investment company, and is comprised of, among other funds, the Named Funds.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and on that basis deny the allegations.

12.     Defendants admit that Commodity Strategies is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of July 31, 2014, had net assets of approximately $1.1 billion and share classes of A, C, E, S, and Y, but otherwise deny the allegations in Paragraph 12 of the Complaint, and respectfully refer the Court to the Fund's Prospectus for the exact investment objectives of the fund.

13.    Defendants admit that Emerging Markets is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of July 31, 2014, had net assets of approximately $3.1 billion and share classes of A, C, E, S, and Y, but otherwise deny the allegations in Paragraph 13 of the Complaint, and respectfully refer the Court to the Fund's Prospectus for the exact investment objectives of the fund.

14.    Defendants admit that Global Equity is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of July 31, 2014, had net assets of approximately $3.3 billion and share classes of A, C, E, S, and Y, but otherwise deny the allegations in Paragraph 14 of the Complaint, and respectfully refer the Court to the Fund's Prospectus for the exact investment objectives of the fund.

15.    Defendants admit that Global Infrastructure is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of July 31, 2014, had net assets of approximately $1.7 billion and share classes of A, C, E, S, and Y, but otherwise deny the allegations in Paragraph 15 of the Complaint, and respectfully refer the Court to the Fund's Prospectus for the exact investment objectives of the fund.

16.    Defendants admit that Global Opportunistic Credit is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of July 31, 2014, had net assets of approximately $1.5 billion and share classes of A, C, E, S, and Y, but otherwise deny the allegations in Paragraph 16 of the Complaint, and respectfully refer the Court to the Fund's Prospectus for the exact investment objectives of the fund.

17.    Defendants admit that International Developed Markets is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of July 31, 2014, had net assets of approximately $4.2 billion and share classes of A, C, E, I, S, and

Y, but otherwise deny the allegations in Paragraph 17 of the Complaint, and respectfully refer the Court to the Fund's Prospectus for the exact investment objectives of the fund.

18.     Defendants admit that Multi-Strategy Alternative is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of July 31, 2014, had net assets of approximately $985 million and share classes of A, C, E, S, and Y, but otherwise deny the allegations in Paragraph 18 of the Complaint, and respectfully refer the Court to the Fund's Prospectus for the exact investment objectives of the fund.

19.     Defendants admit that Strategic Bond is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of July 31, 2014, had net assets of approximately $7.2 billion and share classes of A, C, E, I, S, and Y, but otherwise deny the allegations in Paragraph 19 of the Complaint, and respectfully refer the Court to the Fund's Prospectus for the exact investment objectives of the fund.

20.     Defendants admit that U.S. Small Cap Equity is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of July 31, 2014, had net assets of approximately $2.3 billion and share classes of A, C, E, I, S, and Y, but otherwise deny the allegations in Paragraph 20 of the Complaint, and respectfully refer the Court to the Fund's Prospectus for the exact investment objectives of the fund.

21.     Defendants admit that Global Real Estate is a RIC fund with principal executive offices at 1301 Second Avenue, 18th Floor, Seattle, Washington, and as of July 31, 2014, had net assets of approximately $1.8 billion and share classes of A, C, E, S, and Y, but otherwise deny the allegations in Paragraph 21 of the Complaint, and respectfully refer the Court to the Fund's Prospectus for the exact investment objectives of the fund.

22.     Defendants admit that RIMCo:  is an investment advisor that serves registered investment companies under the ICA;  is a Washington corporation with principal executive offices located at 1301 Second Avenue, 18th Floor, Seattle, Washington; provided or oversaw the provision of investment advisory and portfolio management services for the Named Funds pursuant to an agreement with the Named Funds dated January 1, 1999, as amended;  and provides or oversees those services pursuant to a superseding agreement with the Named Funds dated December 2, 2014.

23.     Defendants admit that RFSC:  is an administrator and transfer agent that serves registered investment companies under the ICA; is a wholly-owned subsidiary of RIMCo, a Washington corporation with principal executive offices located at 1301 Second Avenue, 18th Floor, Seattle, Washington; provided or oversaw the provision of administrative services for the Named Funds pursuant to an administrative agreement dated January 1, 2008, as amended; and provides or oversees those services pursuant to a superseding agreement with the Named Funds dated December 2, 2014.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and on that basis deny the allegations.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint, and respectfully refer the Court to the statutes referenced in Paragraph 25 of the Complaint for the full content and context thereof.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint, except admit that the ICA was amended in 1970 to add Section 36(b), and respectfully refer the

Court to the statutes referred to in Paragraph 26 of the Complaint for the full content and context thereof.

27.     Defendants neither admit nor deny the allegations in Paragraph 27 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 27 of the Complaint and respectfully refer the Court to the statutes referred to in Paragraph 27 of the Complaint for the full content and context thereof.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint, except admit that RIMCo entered into an Advisory Agreement with RIC on January 1, 1999 that was in effect until December 2, 2014, and respectfully refer the Court to the Agreement referred to in Paragraph 29 of the Complaint for the full content and context thereof as well as subsequent amendments to that Agreement.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint, including but not limited to the percentages alleged in the columns labeled "Percent of Assets Managed" in the chart contained in Paragraph 30, except admit that, as of October 16, 2014, the Money Managers that sub-advised the Funds are set forth in the chart contained in Paragraph 30 of the Complaint, and respectfully refer the Court to the Agreement referred to in Paragraph 30 of the Complaint for the full content and context thereof as well as subsequent amendments to that Agreement.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 31 of the Complaint for the full content and context thereof.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint, except admit that the Named Funds are overseen by a Board of Trustees, a majority of whom are independent

from RIMCo, and respectfully refer the Court to the Statement of Additional Information referred to in Paragraph 32 of the Complaint for the full content and context thereof.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint, except admit that RIMCo, in conjunction with discussions with the Board of Trustees, agreed to waive portions of its advisory fees, and RIMCo's advisory fees are calculated using a percentage of the Named Funds' assets under management.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint, except admit that, in calendar year 2013, RIMCo was paid approximately the amount set forth in Paragraph 34 of the Complaint in advisory fees from the Named Funds and paid the Named Funds' Money Managers approximately the amount set forth in Paragraph 34 of the Complaint for certain services provided pursuant to contracts between RIMCo and the Money Managers.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint, except admit that, in calendar year 2013, RIMCo was paid approximately the amount set forth in Paragraph 37 of the Complaint in advisory fees from the Named Funds and paid the Named Funds' Money Managers approximately the amount set forth in Paragraph 37 of the Complaint for certain services provided pursuant to contracts between RIMCo and the Money Managers.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and on that basis deny the allegations.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint, except admit that the April 2014 15(c) materials include, for calendar year 2013, the approximate net revenues from advisory fees for the Named Funds as set forth in the "Net Revenue" column contained in the chart in Paragraph 40 of the Complaint, and include the approximate operating expenses and operating profit as set forth in the "Operating Expenses" and "Operating Profit" columns contained in the chart in Paragraph 40 of the Complaint for the Russell Commodity Strategies Fund, Russell Emerging Markets Fund, Russell Global Equity Fund, Russell Global Opportunistic Credit Fund, Russell Strategic Bond Fund, Russell Global Infrastructure Fund and Russell U.S. Small Cap Equity Fund.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint, and respectfully refer the Court to the legislative history of Section 36(b) for the full content and context thereof.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and on that basis deny the allegations.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint, except admit that, as of July 31, 2014, the Named Funds had net assets of approximately the amounts set forth in the chart in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint, except admit that, as of July 31, 2014, the Named Funds had approximate assets under management of the

amounts set forth in the column labeled "Current AUM" in the chart in Paragraph 46 of the Complaint.

47.     Defendants neither admit nor deny the allegations in Paragraph 47 of the Complaint insofar as said allegations constitute conclusions of law and otherwise deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants neither admit nor deny the allegations in Paragraph 50 of the Complaint insofar as said allegations constitute conclusions of law and otherwise deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants admit that the Named Funds had an agreement with RFSC dated January 1, 2008 that was in effect, as amended, until December 2, 2014 for the provision of administrative services and have a superseding agreement with RFSC dated December 2, 2014 for the provision of those services.

53.     Defendants admit that the Named Funds paid fees to RFSC for the provision of administrative services pursuant to an agreement with RFSC dated January 1, 2008 that was in effect, as amended, until December 2, 2014, and pay fees to RFSC for the provision of those services pursuant to a superseding agreement with RFSC dated December 2, 2014.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint, except admit that the Named Funds paid fees to RFSC for the provision of administrative services pursuant to an agreement with RFSC dated January 1, 2008 that was in effect, as amended, until December 2, 2014, pay fees to RFSC pursuant to a superseding agreement with RFSC dated December 2,

2014 for those services, and respectfully refer the Court to the agreements and subsequent amendments for the full content and context thereof.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint, except admit that the Named Funds paid approximately the amount set forth in Paragraph 55 of the Complaint in administrative fees in calendar year 2013.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint, except admit that Defendants provide, among others, Fund Administration, Finance, Risk Management, Investment Operations, Legal and Compliance services to the Named Funds.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint, except admit that RFSC retains and/or oversees certain third party vendors, including those contained in the chart in Paragraph 57 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint, except admit that the Named Funds paid approximately the amount set forth in Paragraph 63 of the Complaint in administrative fees in calendar year 2013.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint, except admit that the administrative fee schedule for the Named Funds includes breakpoints.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint, except admit that, for calendar year 2013, the Funds' approximate assets under management and approximate administrative fees collected by RFSC are as set forth in the columns "Calendar 2013 Average AUM (000s)" and "Calendar 2013 Administrative Fees Collected" of the charts in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint, except admit that, as of the end of calendar year 2013, Strategic Bond had approximately $8 billion in assets under management and paid approximately $3.9 million in administrative fees in 2012.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint, except admit that RIMCo manages directly certain portions of the Named Funds' assets.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint, except admit that, as of April 30, 2014, the Named Funds' invested collateral received in connection with securities lending transactions in the U.S. Cash Collateral Fund and invested uninvested cash in

the U.S. Cash Management Fund in the approximate amounts set forth in the "Assets in the U.S.

Cash Collateral Fund" and "Assets in the U.S. Cash Management Fund" columns contained in

the charts in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint, except admit

that RIMCo and RFSC provide advisory and administrative services, respectively, to the U.S.

Cash Collateral Fund and U.S. Cash Management Fund.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint, except admit

that the U.S. Cash Management Fund pays an administrative fee to RFSC, prior to the

application of waivers, if any, of the amount set forth in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint, except admit

that RIMCo has waived its advisory fee for the U.S. Cash Management Fund, that the U.S. Cash

Management Fund pays an administrative fee to RFSC, and that the U.S. Cash Collateral Fund

pays a management fee to RIMCo.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants neither admit nor deny the allegations in Paragraph 91 of the

Complaint insofar as the allegations constitute conclusions of law concerning the nature and

scope of the Trustees' fiduciary duties, and otherwise deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint, except admit that in fiscal years ending October 31, 2012 and October 31, 2013, the eight trustees on the Board of Trustees for RIC set forth in the chart in Paragraph 92 of the Complaint received total compensation from RIC and the Russell fund complex in the amounts set forth in said chart, and that Sandra Cavanaugh is RIC's President and CEO and a trustee on the Board of Trustees for RIC and is not compensated for her services as a trustee.

93.     Defendants neither admit nor deny the allegations in Paragraph 93 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations in Paragraph 94 of the Complaint, except admit that each Fund has a Prospectus, regulatory filings, and compliance issues to review and admit that the Russell Funds are governed by the Board of Trustees, and respectfully refer the Court to the referenced Fund Prospectuses and regulatory filings for the full content and context thereof.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint, except admit that Sandra Cavanaugh serves as RIC's President and CEO, as a trustee of the Board, and as a director of RIMCo.

96.     Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny knowledge or information sufficient to form a belief as to the truth of whether the Board has solicited proposals from others to provide investment advisory or

administrative services and on that basis deny such allegations, and otherwise deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint and on that basis deny the allegations.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint and respectfully refer the Court to the Annual Report referred to in Paragraph 103 of the Complaint for the full content and context thereof.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint and respectfully refer the Court to the Annual Report cited in Paragraph 104 of the Complaint for the full content and context thereof.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    In response to Paragraph 106 of the Complaint, Defendants repeat and reallege the foregoing responses to each and every allegation in Paragraphs 1-105 of the Complaint and otherwise incorporate the responses contained above.

107.    Defendants neither admit nor deny the allegations in Paragraph 107 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    Defendants admit that Plaintiff purports to bring this action derivatively on behalf of the Named Funds pursuant to Section 36(b) of the ICA, but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations in Paragraph 112 of the Complaint.

113.    Defendants admit that Plaintiff purports to seek damages pursuant to Section 36(b)(3) of the ICA, but deny that Plaintiff has any claim under that section or is entitled to damages or any other relief, and otherwise deny the allegations in Paragraph 113 of the Complaint.

114.    Defendants admit that Plaintiff purports to seek rescission and restitution but deny that Plaintiff has any claim to such relief, and otherwise deny the allegations in Paragraph 114 of the Complaint.

115.    In response to Paragraph 115 of the Complaint, Defendants repeat and reallege the foregoing responses to each and every allegation in Paragraphs 1-114 of the Complaint and otherwise incorporate the responses contained above.

116.    Defendants neither admit nor deny the allegations in Paragraph 116 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    Defendants admit that Plaintiff purports to bring this action derivatively on behalf of the Named Funds pursuant to Section 36(b) of the ICA, but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations in Paragraph 119 of the Complaint.

120.    Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations in Paragraph 121 of the Complaint.

122.    Defendants admit that Plaintiff purports to seek damages pursuant to Section 36(b)(3) of the ICA, but deny that Plaintiff has any claim under that section or is entitled to damages or any other relief, and otherwise deny the allegations in Paragraph 122 of the Complaint.

123.    Defendants admit that Plaintiff purports to seek rescission and restitution but deny that Plaintiff has any claim to such relief, and otherwise deny the allegations in Paragraph 123 of the Complaint.

124.    Defendants deny each and every averment in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### First Defense

125.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

126.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages.

### Third Defense

127.    Defendants did not engage in any conduct which would constitute a breach of fiduciary duty.

### Fourth Defense

128.    Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

### Fifth Defense

129.    Plaintiff has not suffered any losses or damages proximately caused by his investment in the Named Funds or by any breach of fiduciary duty as set forth in the Complaint.

### Sixth Defense

130.    At the time Plaintiff first became a shareholder of the Named Funds, he was or should have been aware that an advisory fee and administrative fee equal to or greater than those now in effect had been approved by a majority of the Board of Trustees of the Named Funds. Plaintiff was fully informed of all material facts concerning investing in the Named Funds, including the level and calculation of Defendants' compensation, and knowingly entered into the investment.  On this basis, Plaintiff is estopped and precluded from maintaining this action on behalf of the Named Funds.

### Seventh Defense

131.    Defendants acted at all times and in all respects in good faith and with due care.

### Eighth Defense

132.    The Independent Trustees of RIC and the Named Funds received adequate information from Defendants and exercised good faith business judgment in approving the management and administrative services agreements in effect when Plaintiff allegedly became a

shareholder, and in subsequently approving renewals of the management and administrative

services agreements containing the advisory and administrative fees currently in effect.

## Ninth Defense

133.    Plaintiff lacks standing to bring the claims asserted in the Complaint.

## Tenth Defense

134.    To the extent that this action seeks exemplary or punitive damages, any such

relief would violate Defendants' rights to procedural and substantive due process.

## Eleventh Defense

135.    Plaintiff cannot challenge only a portion of the services provided pursuant to the

management and administrative services agreements, as all services should be considered in

assessing whether a violation of Section 36(b) has occurred.

## Twelfth Defense

136.    Defendants hereby give notice that they intend to rely upon such other and further

defenses as may become available or apparent during pre-trial proceedings in this case and

hereby reserve all rights to assert such defenses.

Dated:  January 30, 2015

O'CONNOR CARNATHAN & MACK LLC

By:     */s/ Sean T. Carnathan*
       Sean T. Carnathan (#636889)
       One Van de Graaf Drive, Suite 104
       Burlington, MA 01803
       Tel:  (781) 359-9000
       Fax: (781) 359-9001
       scarnathan@ocmlaw.net

MILBANK, TWEED, HADLEY & MCCLOY LLP

       James N. Benedict (*pro hac vice*)
       Sean M. Murphy (*pro hac vice*)
       1 Chase Manhattan Plaza
       New York, NY  10005
       Tel:  (212) 530-5000
       Fax: (212) 822-5696
       jbenedict@milbank.com
       smurphy@milbank.com

       Robert J. Liubicic (*pro hac vice*)
       601 South Figueroa Street
       Los Angeles, CA 90017
       Tel:  (213) 892-4000
       Fax: (213) 629-5063
       rliubicic@milbank.com

       *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date hereof this document was filed through the Court's CM/ECF system and will be sent electronically to the registered participants identified in the Notice of Electronic Filing (NEF).

<u>*/s/ Sean T. Carnathan*</u>
Sean T. Carnathan (#636889)